IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>OFFICER RUBEN LUNA<br><br>Defendant. | Case No. 20-cv-4470<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Williams initially filed this civil rights lawsuit, *pro se*, under 42 U.S.C. § 1983 against Defendant Ruben Luna[1], alleging that Luna used excessive force against him and failed to protect him while Plaintiff was housed at the Cook County Department of Corrections (CCDOC). Defendant has moved for summary judgment on the issue of exhaustion only, arguing that this case should be dismissed because Williams failed to exhaust his administrative remedies before filing this suit. For the reasons stated below, Defendant's motion for summary judgment [46] is denied.

## LEGAL STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Plaintiff, acting *pro se,* misspelled Officer Luna's name when he filed this suit. The Defendant has now been properly identified. Dkt. 46; Dkt. 47 at 6, ¶ 5. The Clerk is directed to correct the docket with Defendant's full name: Officer Ruben Luna. The correct case caption is *Andre Williams v. Officer Ruben Luna.*

1

A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id.* After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255).

Under the Prison Litigation Reform Act of 1996 (PLRA), "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires a prisoner to properly take all the steps the prison offers. *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833 (7th Cir. 2020). "Failure to exhaust is an affirmative defense, so defendants bear the burden of proving that there was an available remedy that went unexhausted." *Gaines v. Prentice*, No. 21-1588, 2022 WL 2304227, at *2 (7th Cir. June 27, 2022) (citing *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022)). "Because the district judge, not a jury, is the factfinder on issues of exhaustion, if

there are disputed factual issues, then they must be resolved with an evidentiary hearing." *Id.* (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)).

## BACKGROUND

### I. Local Rule 56.1

The Court first addresses Defendant's argument that Plaintiff failed to comply with Northern District of Illinois Local Rule 56.1. "Local Rule 56.1 statements serve to streamline the resolution of summary judgment motions by having the parties identify undisputed material facts and cite the supporting evidence." *Laborers' Pension Fund v. Innovation Landscape, Inc.*, No. 15 CV 9580, 2019 WL 6699190, at *1 (N.D. Ill. Dec. 9, 2019). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015); *Judson Atkinson Candies, Inc. v. Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008).

The party opposing the motion for summary judgment must file "a response to the LR 56.1(a)(2) statement of material facts that complies with LR 56.1(e) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement." N.D. Ill. R. 56.1(b)(2). The non-moving party's failure to admit or deny facts as presented in the moving party's statement or to cite to any admissible evidence to support facts presented in response by the non-moving party render the moving party's facts undisputed. *Ammons v. Aramark Unif. Servs.,* 368 F.3d 809, 818 (7th Cir.2004).

Plaintiff failed to provide a statement of facts in opposition to the motion as required by the local rule. Instead, his response brief contains a section entitled "Material Facts", that relies on his affidavit, attached to the response brief. Dkt. 47. However Local Rule 56.1 requires a *separate* statement "of any additional facts that require the denial of summary judgment." *Hall v. Vill. of Flossmoor Police Dep't*, No. 11 C 5283, 2012 U.S. Dist. LEXIS 171439, at *28 n. 8 (N.D. Ill. Dec. 4, 2012) (citing *Chicon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005)); *see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Simply providing additional facts in one's responsive memorandum is insufficient to put those facts before the Court."). Because Plaintiff failed to comply with Local Rule 56.1, all of Defendants' facts in its Rule 56.1 Statement are deemed admitted so long as they are supported by the record. At the same time, the Court will not, as Defendant requests, disregard Plaintiff's deposition testimony or his affidavit.

**II. Material Facts**

    **a. Plaintiff and the Grievances at Issue**

At all times relevant to this action, Plaintiff Williams was a pretrial detainee housed at CCDOC. Dkt. 45 at ¶ 1. Defendant Luna was a correctional officer employed by the Cook County Sheriff's Office. *Id.* at ¶ 2. When Plaintiff entered Cook County Jail, he received the CCDOC Inmate Handbook and signed the acknowledgment form.[2] *Id.* at ¶ 6.

---

[2] Defendant relies on Plaintiff's deposition testimony to support this assertion. Dkt. 45 at ¶ 12; Dkt. 45-1.

4

It is undisputed that on February 22, 2020, Plaintiff submitted a grievance alleging that Defendant (who Plaintiff identified as "third-shift officer") walked past Plaintiff's cell and pepper sprayed him. *Id.* at ¶ 7. The grievance was received on February 26, 2022 (February grievance). *Id.* Further on March 6, 2020, Plaintiff received a response to his grievance that found insufficient evidence to support his allegations. *Id.* at ¶ 8. Plaintiff did not sign this response or appeal it. *Id.* at ¶¶ 9–10; Dkt. 49-1 at 6. Plaintiff disputes that he did not appeal this grievance.

It is undisputed that Plaintiff filed a grievance related to this issue on July 9, 2020. Dkt. 48 at 4; Dkt. 49; Dkt. 49-1 at 8. That grievance was filed too late. According to Defendant, Plaintiff did not file any other grievances related to this alleged incident while in custody at CCDOC. Dkt. 45 at ¶ 11. Plaintiff disputes this fact via his deposition testimony and his affidavit.

### b. CCDOC Grievance Process

The CCDOC grievance procedure requires inmates to complete an Inmate Grievance Form if the inmate believes that he or she has been injured, harassed, abused, or threatened. Dkt. 45 at ¶ 13. Inmates at CCDOC are made aware of the grievance procedures through methods such as the Inmate Handbook and information contained on the Inmate Grievance Form itself. *Id.* at ¶ 14. Both the Inmate Handbook and the CCDOC Inmate Grievance Form direct the inmates that they are required to complete and submit an Inmate Grievance Form within fifteen (15) days of the alleged offense. *Id.* at ¶ 15. Inmates must appeal the response of a grievance within fifteen (15) days of receiving the response to the grievance. *Id.* at ¶

16. In order to exhaust the administrative remedies, the inmate must file an appeal of a grievance response. *Id.* at ¶ 17.

## ANALYSIS

Defendant argues that Plaintiff has not exhausted his administrative remedies, and therefore cannot proceed in this Court. Construing the evidence in the light most favorable to the Plaintiff, there is a genuine issue of material fact requiring an evidentiary hearing.

### A. Plaintiff adequately identified Luna

Defendant argues that Plaintiff failed to exhaust because he did not adequately identify Luna in the February 2020 grievance form. The Inmate Grievance Form calls for either the party's name or identifier. Dkt. 49-1 at 4. Plaintiff identified Defendant as "third shift officer" who entered "his cell [210]". *Id.* In *Roberts v. Neal,* 745 F.3d 232, 234 (7th Cir. 2014), the Court found Plaintiff failed to adequately identify the proper defendant when his grievance named "an intake screening nurse at Pinckneyville" and "a Big Muddy River doctor" but the actual defendant was a *nurse at Big Muddy*. Plaintiff identified the wrong job title and/or the wrong facility. In finding the inmate had failed to exhaust, the *Roberts* court noted: "a grievant is not required to know the name of the prison employee whom he's complaining about--- often he will not know the employee's name and so it is enough if he 'include[s] as much descriptive information about the individual as possible.'" *Id.* at 236. Here, Plaintiff did not misidentify anything about Luna. In *Bowers v. Dart,* 1 F.4th 513, 518 (7th Cir. 2021), the plaintiff adequately identified the defendant in the grievance but

6

failed to grieve *the claim* that he pursued in litigation prompting the court to note a court cannot "consider a claim that has not traveled the required administrative path." (citation omitted). The plaintiff in *Bowers* filed a grievance asserting that the officer ignored his pleas for help during an attack whereas his complaint alleged that the defendant officer had advance notice of the risk he would be attacked and failed to protect him. *See Coleman v. Garcia,* No. 19-CV-06251, 2022 WL 226010, at *4 (N.D. Ill. Jan. 26, 2022) (finding failure to exhaust because plaintiff vaguely referenced "officers" in his grievance and failed to raise the claim of failure to protect).

To the contrary, the claim here is unchanged. Williams alleged that Officer Luna sprayed him with mace in his cell in both the complaint and in his grievance forms. Here, Plaintiff's identification of Luna is sufficient.

## B. There is a question of material fact in dispute

In response to Defendant's summary judgment motion, Plaintiff submitted a sworn affidavit stating that he attempted to submit two additional grievances: one that was torn up by an officer, in February 2020 and one in March 2020 in response to the denial of the February 2020 grievance. According to Plaintiff's affidavit, he attempted to submit his first grievance the day after the incident, but an officer on deck destroyed it in his presence. Dkt. 47 at 6 ¶ 5. He submitted the second grievance through a guard as a response to the "insufficient evidence" response he received from the February 2020 grievance. *Id.* at ¶ 9.

Relying on the "sham affidavit" rule, Defendant contends that Plaintiff's affidavit is contradicted by his prior deposition testimony and urges the Court not to consider

7

it. Dkt. 48 at 2. "[T]he sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony.... We also disregard an affidavit that contradicts a statement made under penalty of perjury, even if the statement was not made in the course of litigation." *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) (citations omitted).

Having reviewed the affidavit and Plaintiff's deposition, the Court does not find his affidavit to be a "sham affidavit". In addition, the Court does not need to consider the affidavit to find a question of material fact that defeats summary judgment.

During his deposition, Williams testified that he tried to file a grievance and an officer destroyed the grievance. Counsel was asking Williams whether his July 2020 grievance was his second grievance, and Williams corrected counsel stating: "No, that would have made the third – the third grievance. The second one never made it. It never left the deck." Dkt. 45-1 at 28:9–11. He went on to explain that a "heavyset, Hispanic guy, a male, officer "ripped [the second grievance] in my face and closed the door." *Id*. at 28:12-18. *See Ross v. Blake,* 578 U.S. 632, 639-40 (2016) ("Under § 1997e(a), an inmate's obligation to exhaust hinges on the "availab[ility]" of administrative remedies. A prisoner is thus required to exhaust only those grievance procedures that are "capable of use" to obtain "some relief for the action complained of.") Without relying on Williams' affidavit, this creates a question of fact as to whether Williams attempted to submit a grievance that was ripped up.

8

At another point in the deposition, Williams was asked if he ever appealed a grievance before and he responded "no … other than this one." Dkt. 45-1 at 25:9–11. When asked directly whether he appealed the February 2020 grievance, he stated:

> And then right away, I wrote – I wrote another grievance – I thought I was going to get another response from that. They never sent it to me, so I wrote it again, But I never –

Dkt. 45-1 at 27:17–23. According to Williams, when he submitted the grievance, albeit on a separate grievance form, he believed he was appealing the denial of his February 2020 grievance. Plaintiff's affidavit is consistent with this testimony. Dkt. 47 at 6 ¶ 9.

In terms of the grievance procedure, Williams testified that he understood what a grievance was, how it should be submitted and what response to expect. Dkt. 45-1 at 24:17–25:3. However, he testified that he did not understand the appeal process:

> Q: Okay. And once they receive your – the – I guess, the response back, do you understand that you have to appeal it if you do not agree with it?
>
> A: No, I – no, ma'am.

Dkt. 45-1 at 25:4–8. Plaintiff's statement in his affidavit that he "did not describe the appeal process in great detail," Dkt. 47 at 6, ¶ 12, does not contradict his deposition testimony and as a result, the affidavit is not a sham.[3]

Though the Seventh Circuit requires strict adherence to the exhaustion requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), an inmate is

---

[3] Defendant argues that the affidavit does not reference any specific material on the record. *Id.* at 3. As the court has already determined, the affidavit is not necessary to defeat summary judgment. In addition, Plaintiff's affidavit references his CCDOC grievance and his own deposition testimony— those are matters in the record. Dkt. 47 at 6 ¶¶ 7–12.

9

required to exhaust only those administrative remedies that are available to him. 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" to prisoners primarily when prison officials fail to respond to a properly filed grievance or when prison officials' "affirmative misconduct" thwarts a prisoner from exhausting his remedies. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole*, 438 F.3d at 809.

Here, there is a question of fact whether a prison official's affirmative misconduct prevented Plaintiff from exhausting his administrative remedies. Dkt. 45-1 at 28:7–24; Dkt. 47 at 6, ¶ 5. In addition, Plaintiff's so-called "Reply Grievance" was filed in response to the rejection of his February 2020 grievance. Dkt. 47 at 1. According to Plaintiff, he never received a response. *Id.* at 2, 6 ¶ 9. This testimony presents a question of fact whether Plaintiff appealed the denial of his February 26, 2020 grievance.

Defendant relies on the grievance record from CCDOC to argue that Plaintiff's assertions are "wrong". Dkt. 48 at 3. But in light of Plaintiff's testimony and affidavit, the court is confronted with disputed material facts. *See* Dkt. 49-1; *Prentice*, No. 21-1588, 2022 WL 2304227, at *2 (7th Cir. June 27, 2022) (finding evidentiary hearing was necessary to determine whether defendants carried their burden of showing that administrative remedies were available); *see also DeBenedetto v. Salas*, No. 13-CV-07604, 2020 WL 2836764, at *3 (N.D. Ill. June 1, 2020) (evidentiary hearing required where parties' differing accounts created "discrepancy constitute[ing] a genuine

dispute as to the material question of whether prison officials actively thwarted [plaintiff's] attempts to take advantage of the MCC grievance procedure...".)

At this stage the Court must construe the facts in the light most favorable to Plaintiff as the nonmoving party. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) and must refrain from resolving factual disputes. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("A swearing contest requires an evidentiary hearing to resolve, and…a judge can resolve an issue of exhaustion [][her]self, in order to avoid multiple trials in the same case [but[only after conducting an evidentiary hearing."). As such, there remains a genuine dispute of material fact as to whether Plaintiff has properly exhausted his administrative remedies and an evidentiary hearing is required.

## CONCLUSION

For the stated reasons, Defendant's motion for summary judgment [46] is denied. On or before November 4, 2022, the parties should file a status report addressing whether they will proceed with the *Pavey* hearing or instead waive their exhaustion defense and proceed to the merits.

E N T E R:

Dated: October 17, 2022

_____
MARY M. ROWLAND
United States District Judge

11